IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01519-DDD-NYW

BROADBAND FACILITY PARTNERS, LLC,

   Plaintiff,

v.

NEBRASKALINK HOLDINGS, LLC d/b/a OPTK NETWORKS,

   Defendant.

## ORDER TO SHOW CAUSE

Magistrate Judge Nina Y. Wang

This matter is before the court *sua sponte*. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b). *See* [Doc. 5]. Upon review of the Complaint and Demand for Jury Trial (the "Complaint") [Doc. 1], the court is not satisfied that Plaintiff has established complete diversity of citizenship of the Parties in this case.

A federal court must satisfy itself as to its own jurisdiction and may take *sua sponte* action to do so. *See Citizens Concerned for Separation of Church & State v. City & Cty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). A court should not proceed unless it has first assured itself that jurisdiction exists. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

Plaintiff invokes diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), which states that "district courts shall have original jurisdiction of all civil actions where the matter in controversy

exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." *See* [Doc. 1 at ¶ 9]. Section 1332(a) requires "complete diversity"; that is, no plaintiff can be the citizen of a state of which any defendant is also a citizen. *See Owen Equip. & Erection Co. v. Kroger*, 437 U .S. 365, 373-74 (1978). The court concludes that the present allegations are insufficient to establish complete diversity of the Parties and, as a result, are insufficient to establish subject matter jurisdiction in this matter.

The Complaint alleges that "Plaintiff Broadband Facility Partners, LLC, is a Colorado limited liability company with its principal place of business at 11114 Sweet Cicely Lane, Parker, Colorado 80134. All members of [Plaintiff] are citizens of Colorado." [Doc. 1 at ¶ 6]. Similarly, it asserts that "NebraskaLink Holdings, LLC d/b/a OPTK Networks is a Nebraska Limited Liability company with its principal place of business at 3900 NW 12th Street, Suite 100, Lincoln, Nebraska, 68521. Upon information and belief, none of [Defendant's] members is a citizen of Colorado." [*Id.* at ¶ 7].

For purposes of determining jurisdiction, a limited liability company takes the citizenship of all its members. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). While Plaintiff has alleged that all of its members are citizens of Colorado, and that, "[u]pon information and belief," none of Defendant's members are citizens of Colorado, these allegations are insufficient for the court to assure itself of its jurisdiction in this matter. Instead, Plaintiff must affirmatively identify all the members of itself and Defendant and provide the court with those members' citizenship. *See Okland Oil Co. v. Knight*, 92 F. App'x 589, 608 (10th Cir. 2003) ("Allegations supporting diversity jurisdiction must be pleaded affirmatively."); *Safeway Stores 46 Inc. v. WY Plaza LC*, No. 20-8064, 2021 WL 5343964, at *1 (10th Cir. Oct. 28, 2021) (remanding case to district court where the briefing failed to identify limited liability company

members and thus "lack[ed] the information necessary for [the court] to ascertain whether complete diversity exists"); *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company."). Indeed, courts in this District routinely require affirmative allegations identifying each member of a limited liability company, as well as affirmatively pleading those members' citizenship(s), to establish the company's citizenship for purposes of diversity jurisdiction. *See, e.g.*, *Villanuevo v. Lowe's Home Ctrs., LLC*, No. 16-cv-02613-PAB-KLM, 2016 WL 7320393, at *2 (D. Colo. Dec. 16, 2016); *Restore Life USA, Inc. v. LifeNews.com*, No. 18-cv-02472-MEH, 2018 WL 11189665, at *1 (D. Colo. Oct. 1, 2018); *Shanks v. Cath. Health Initiatives Colo.*, No. 20-cv-03713-STV, 2021 WL 307507, at *2 (D. Colo. Jan. 29, 2021).

Moreover, the court notes that "[a] pleading that sets forth the states of which a party is *not* a citizen is insufficient to establish subject matter jurisdiction." *Apodaca v. Sizzling Caesars, LLC*, No. 19-cv-03621-PAB, 2020 WL 773069, at *2 (D. Colo. Feb. 18, 2020) (citing *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 126 (1st Cir. 2011) ("That Mr. Mehrotra is a citizen of Rhode Island and that Zwirn is not considered a citizen of Rhode Island is not sufficient to give jurisdiction in a . . . Court of the United States.") (quotation omitted)); *cf. Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009) (plaintiff must "*distinctly and affirmatively*" allege the citizenship of each of limited partnership's general and limited partners to establish diversity jurisdiction) (emphasis in original)). "Since federal courts are courts of limited jurisdiction, [the court] presume[s] no jurisdiction exists absent an adequate showing by

3

the party invoking federal jurisdiction." *U.S. ex rel. Hafter D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

Because the Complaint does not identify the members of Plaintiff or Defendant and does not affirmatively allege the citizenship of each member, the allegations are presently insufficient for the court to assure itself of diversity jurisdiction in this case. *See Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) ("Diversity jurisdiction requires complete diversity—no plaintiff may be a citizen of the same state as any defendant."). Accordingly, **IT IS ORDERED** that:

(1) Plaintiff shall **SHOW CAUSE** in writing and on or before **July 11, 2022** why this case should not be dismissed without prejudice due to a lack of federal subject matter jurisdiction.

DATED: June 24, 2022

BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge

4